FILED

**12/29/2023**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL ORR, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -v- | ) | CAUSE NO. 1:23-cv-02320-RLY-MKK |
| | ) | |
| JERRY SNYDER, et al., | ) | |
| **Defendants.** | ) | |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. PARTIES

1. Plaintiff Michael Orr, IDOC#133175 ("I", "me", or sometimes "my"), Westville Correctional Facility 5501 S. 1100 West Westville, IN 46391. I was housed at the Wabash Valley Correctional Facility, PO BOX 1111, Carlisle, IN 47838 ("WVS"), Secured Confinement Unit ("SCU), during the time giving rise this to the injury alleged in this action.

2. Defendant Jerry Snyder ("Snyder") is a unit team manager at WVS, SCU.

3. Defendant B. Laloux ("Laloux") is a case worker at WVS, SCU.

4. Defendant Frank Vanihel ("Vanihel"), Warden at the WVS, SCU.

5. Defendant Shawn Holcomb ("Holcomb") is a correctional lieutenant at WVS, SCU.

6. Defendant Mr. Russell ("Russell") is a correctional major at WVS, SCU.

7. Defendant Ms. Crichfield ("Crichfield") is a correctional officer at WVS, SCU.

8. Defendant Mr. Watson ("Watson") is a correctional officer at WVS, SCU.

9. Christina Reagle ("Reagle"), Commissioner of the Indiana Department of Correction, I.G.C.S, 5th Floor, 302 West Washington Street, Indianapolis, IN 46204 ("IDOC").

1

10. Defendant Nurse Wolfe ("Wolfe") is a registered nurse of at WVS, SCU employed by Centurion.

11. Defendant Centurion Health of Indiana, LLC, is a private Indiana company, 550 North Meridian Street. 1st Floor, Indianapolis, IN 46204 ("Centurion").

12. Defendant Jane Doe ("Dentist Jane Doe") is a dentist at WVS, SCU, and employed by Centurion.

13. Each Defendant is sued in their individual and official capacity. At all times mentioned in this complaint each Defendant acted, and continue to act under color of state law.

## II. JURISDICTION AND VENUE

14. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343 (3) and (4), and 28 U.S.C. §§ 1331.

15. Venue is appropriate under 28 U.S.C. §§ 1391 (b)(2) because it is the district where the events giving rise to his civil action.

16. Jurisdiction is invoked over injunctive relief and a temporary restraining order pursuant to 28 U.S.C. §§ 2283 & 2284, as well as, Rule 65 (a) and (b) of the Federal Rules of Civil Procedure.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. I have exhausted all administrative appeals and grievances in this matter.

## IV. CAUSE OF ACTION WITH SUPPORTING FACTS

18. When I arrived at WVS in the SCU, 9/10/2021, I had no toothbrush and/or toothpaste in my cell due to my indigent status. At this time, Vanihel, Snyder, Holcomb, Laloux, and Russell enforced policies and practices requiring indigent prisoners to request toothbrushes, toothpaste, and/or dental floss to prisoners in the SCU.

2

19. During this time, Vanihel, Snyder, Holcomb, Laloux, and Russell failed to enforce policies and practices regarding indigent (dental hygiene items) toothpaste, toothbrush, or dental floss resulting in my poor dental hygiene, tender and bleeding gums, bad breathe, and calcium buildup.

20. On 6/03/2022, Crichfield had discretion to provide dental hygiene to me but chose not to due to Wolfe instructing me to submit a Health Care Request Form ("HCRF").

21. Despite submitting a HCRF, on 07/07/22, during a dental visit, Dentist Jane Doe flat-out refused to provide me teeth cleaning services. This evidence links my dental problems to the failure to receive hygiene products from Vanihel, Snyder, Holcomb, Laloux, and Russell.

22. No standardized procedures existed at the SCU by Vanihel, Snyder, Holcomb, Laloux, Russell, Reagle, or Centurion to guide nursing staff and/or custody staff exercise of discretion during medication rounds and/or weekly monitoring rounds in determining whether a prisoner should receive indigent dental hygiene items free of charge.

23. Consequently, Wolfe and Watson via policy and practice arbitrarily determined that I could afford dental hygiene items.

24. However, Reagle, Centurion, Vanihel, Snyder, Holcomb, Laloux, and Russell knew that failing to assess the risk of adequate dental hygiene items to indigent prisoners at the SCU and/or to implement policies of the same for dental staff at WVS like Dentist Jane Doe would likely lead to constitutional violations against prisoners like me. In addition, such a failure to promulgate said procedures was the moving force behind the harm against me.

25. At this time, I suffered serious dental needs because of the denied hygiene items. Each day the pain fluctuated. It was always there, but at times it was more excruciating than others. I noticed that my gums were swollen at times, plaque buildup, bad breathe, bleeding, and dark around majority of my teeth.

26. I could not socialize with other offenders to acquire or exchange for other goods and services.

27. On 6/21/2022, again, Crichfield had discretion to provide dental hygiene to me but chose not to.

28. Vanihel, Snyder, Holcomb, Laloux, and Russell participated in Crichfield decision and also had the discretion to provide dental hygiene matters if they chose to do so. Defendants deprived me of my constitutional rights by failing to provide dental hygiene items, there by disregarding a known risk to my health a duty on the part of non-medical staff.

29. On 6/23/2022, Crichfield had agreed that I was indigent and requested that I receive a dental hygiene

30. The above delay was neither minimal nor justified by my status as a prisoner, or penelogical interest. I was forced to endure nearly 11 months, 3 weeks, 5 days of serious pain despite the availability of an obvious request – a simple indigent dental hygiene kit – that I had specifically requested numerous times.

31. Long-term, repeated deprivation of adequate hygiene supplies prolonged and exacerbated my pain for 360 days.

32. I do not suffer a sophisticated injury that would require expert testimony on issue of causation.

33. The medical records reflect my steady complaints of worsening pain indicating that the delay in treatment unreasonably prolonged my suffering.

## V. CLAIMS FOR RELIEF

34. **Claim I:** The monell claim against Reagle and Vanihel for intentionally, knowingly, with gross disregard of my rights by failing to train or improperly training its employees to provide requests for indigent kits at the SCU; and by instituting improper procedures that promote, tolerate, and/or ratify with deliberate indifference the continuing arbitrary denial of indigent kits for prisoners at the SCU, were acts and/or omissions that led to my physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment under the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

35. **Claim II:** The unconstitutional conditions of confinement claim against Vanihel, Snyder, Holcomb, Laloux, Watson, and Russell for intentionally, knowingly, with gross disregard of my rights by failing to provide me dental hygiene items between 9/10/2021 through to 9/5/2022, were acts and/or omissions that led to my physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment under the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

36. **Claim III:** The inadequate dental care claim against Dentist Jane Doe for intentionally, knowingly, with gross disregard of my rights by failing to provide me teeth cleaning on 07/07/22, were acts and/or omissions that led to of physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment under the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

37. **Claim IV:** The monell claim against Centurion for intentionally, knowingly, with gross disregard of my rights by failing to train or improperly training its employees to provide treatment for minor pain relief at the SCU; and by instituting improper procedures that promote, tolerate, and/or ratify with deliberate indifference the continuing inadequate medication rounds and monitoring at the SCU, were acts and/or omissions that led to my physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment under the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

38. **Claim V:** The inadequate medical care claim against Wolfe for intentionally, knowingly, with gross disregard of my rights by failing to provide me non-prescribed pain relief on 06/08/2022, were acts and/or omissions that led to of physical injury, pain and suffering, mental anguish, and subjected me to cruel and unusual punishment under the deliberate indifference standard in violation of the U.S. CONST., Amend. VIII.

## VI. PREVIOUS LAWSUITS

35. I have NOT previously filed other lawsuits in state or federal court regarding the events or acts complained of in this complaint.

## VII. REQUEST FOR RELIEF

36. Enjoin Defendants to provide me adequate dental treatment under the U.S. CONST. VIII Amend.

37. Granting me compensatory damages to be paid jointly and severally in the amount of $400,000.00 (FOUR HUNDRED THOUSAND DOLLARS) against each Defendant;

38. Granting me punitive damages to be paid jointly and severally in the amount of $300,000.00 (THREE HUNDRED THOUSAND DOLLARS) against each Defendant;

39. I am seeking a jury trial on all issues triable by a jury;

40. I am seeking recovery of my costs in this civil action;

41. I am seeking any additional relief this Court deems just, proper, and equitable.

Date: 12/02/2023                                             _____ pro se/Plaintiff
                                                            Michael Orr, IDOC #133175
                                                            Westville Correctional Facility
                                                            5501 S. 1100 West
                                                            Westville, IN 46391

## DECLARATION UNDER PENALTY OF PERJURY

I, the plaintiff in the aforementioned cause, declare under penalty of perjury that I in the

above action, have read the above complaint and that the information contained in the complaint

is **true and accurate,** as well as the exhibits attached hereto, I believe them to b true and correct

to the best of my personal knowledge and belief.

Executed at Westville Correctional Facility on 12/02/2023.

                                                    _____ pro se/Plaintiff
                                                    **Plaintiff's Original Signature**

7